IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **RONDA KLASSEN,** *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**SOLIDQUOTE LLC**<br><br>Defendant. | Civil Action No.: 1:23-cv-318<br><br>CLASS-ACTION<br><br>**Jury Trial Demanded** |

# CLASS ACTION COMPLAINT

Plaintiff, Ronda Klassen ("Plaintiff" or "Ms. Klassen"), on behalf of herself and all others similarly situated, by and through her undersigned attorneys, submits her Complaint against Defendant SolidQuote LLC ("SolidQuote"). In support thereof, Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff Ronda Klassen brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant SolidQuote.

2. SolidQuote violated Klassen and the putative class-members' rights by placing solicitation calls to Klassen and the putative class members' residential lines by making two or more solicitation calls to residential subscribers whose numbers were registered on the Do Not Call Registry. Those acts and omissions, which are described at length herein, were in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* and the TCPA's corresponding regulations.

## BACKGROUND ON THE TCPA

3. In 1991, after passage with bipartisan support in Congress, President George H.W. Bush signed the TCPA into law, to protect consumers' privacy rights- specifically, the right to be left alone from unwanted telemarketing calls.

4. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

5. The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) *et seq.*, affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

6. Since 2003, persons who register cell phone numbers on the Do Not Call registry have been considered to be "residential subscribers" for the purpose of 227(c)(5) and the Do Not Call registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'")

7. 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) provide that each person who receives more than one call within a 12-month period on their phone, where that called party did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

8. Decades after the TCPA passed into law, it is still unfortunately the case that "[m]onth after month, unwanted telemarketing calls and texts top the list of consumer

PLAINTIFF'S CLASS-ACTION COMPLAINT

complaints received by the [Federal Communications] Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

9. In fact, in 2021 alone, there were over ***five million complaints*** from Americans to the FTC about unwanted telemarketing calls. Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry (*Jan. 5, 2022) *available* at: https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.

10. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

**JURISDICTION AND VENUE**

11. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

12. This Court has personal jurisdiction over Defendant SolidQuote which is headquartered and systematically conducts business in the State of Colorado.

PLAINTIFF'S CLASS-ACTION COMPLAINT

13. Because Defendant is headquartered in this State and within this District, personal jurisdiction exists and venue is proper pursuant to 28 U.S.C. §1391(b)(1).

**PARTIES**

14. Plaintiff, Ronda Klassen is a natural person who resided in Tampa, Florida at all times relevant.

15. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

16. Defendant SolidQuote is a automobile insurance lead generator with headquarters located at 13918 E. Mississippi Ave #61234, Aurora, Colorado 80012.

17. SolidQuote is a "person" as that term is defined by 47 U.S.C. §153(39).

18. SolidQuote acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

19. At all times relevant hereto, Plaintiff, Ronda Klassen owned a cell phone, the number for which was (352) XXX-7970.

20. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on or around May 24, 2007.

21. Klassen registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and irritating telemarketing calls.

22. At all times relevant hereto, Klassen used the aforementioned cell phone primarily for residential purposes.

23. Between September 2019 and May 2020, SolidQuote engaged in a telemarketing campaign directed toward Ronda Klassen in furtherance of its efforts to sell her a car insurance policy she did not want or need.

24. Klassen did not provide express written consent for those solicitation calls.

25. Furthermore, prior to the telemarketing campaign, Klassen did not have any established business relationship with SolidQuote.

26. In total, SolidQuote placed at least 20 calls to Klassen. Those calls were made on instances including but not limited to the following:

| Date and Time of Call | Number on Caller ID |
| --- | --- |
| February 6, 2019 at 4:31 pm | (352) 988-4364 |
| February 19, 2019 at 4:48 pm | (352) 988-4121 |
| February 27, 2019 at 8:19 am | (352) 988-6017 |
| March 4, 2019 at 11:21 am | (352) 988-7970 |
| March 14, 2019 at 3:14 pm | (352) 988-9394 |
| April 4, 2019 at 1:04 pm | (352) 988-9301 |
| April 30, 2019 at 11:11 am | (352) 988-1872 |
| May 2, 2019 at 6:00 pm | (352) 988-5681 |
| May 31, 2019 at 4:48 pm | (352) 988-5825 |
| July 15, 2019 at 5:13 pm | (352) 988-0703 |
| September 25, 2019 at 5:55 pm | (352) 988-2559 |
| December 6, 2019 at 4:31 pm | (352) 988-2793 |
| December 17, 2019 at 11:20 am | (352) 988-7626 |
| December 19, 2019 at 8:19 am | (352) 988-4121 |
| December 26, 2019 at 5:27 pm | (352) 988-6017 |
| January 21, 2020 9:57 am | (352) 988-6093 |
| January 21, 2020 2:21 pm | (352) 988-8742 |
| January 23, 2020 4:36 pm | (352) 988-1737 |
| April 6, 2020 at 2:54 pm | (352) 988-4105 |

| | |
|---|---|
| April 8, 2020 at 1:13 pm | (352) 988-6383 |
| April 9, 2020 at 6:05 pm | (352) 988-8049 |
| April 10, 2020 at 1:21 pm | (352) 988-8109 |
| April 13, 2020 at 12:56 pm | (352) 988-4822 |
| May 22, 2020 at 3:05 pm | (352) 314-5277 |

27. Furthermore, Klassen received additional calls on behalf of SolidQuote not listed above.

28. These calls were not made for "emergency purposes," but rather for solicitation purposes.

29. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that her privacy has been invaded by Defendant.

30. The foregoing acts and omissions were in violation of the TCPA.

**Direct and Vicarious Liability**

31. On May 9, 2013, the FCC determined that this was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers,

suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*In re: Dish Network, LLC,* 28 FCC Rcd 6574 at 6588 (F.C.C. May 9, 2013) (internal citations omitted).

32. Moreover, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. Id. At 6587 n. 107.

33. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.,* at 6593.

34. Upon information and belief, Defendant SolidQuote hired, encouraged, permitted, and enjoyed the benefits of mass telemarketing by third-party telemarketers, whose identities are not yet known.

35. SolidQuote's third-party telemarketers had actual and/or apparent authority to act on behalf of SolidQuote.

36. SolidQuote also ratified its agents' violations of the TCPA by accepting leads and deriving profit from sales imitated by unlawful robocalls.

37. SolidQuote acted as a principal to telemarketing agent(s) whose identities

38. SolidQuote LLC is not permitted under the law to outsource and contract its way out of liability by directing and benefitting from its agents' TCPA violations.

39. For the counts identified below, to the extent any call was made by a third-party agent acting on SolidQuote's behalf, SolidQuote is vicariously liable as it encouraged and benefitted from its agents' violative conduct.

40. On the other hand, to the extent SolidQuote placed one or more unlawful call directly, SolidQuote would be directly liable for each violative call.

## CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, pursuant to Federal Rule of Civil Procedure 23.

42. Plaintiff seeks to represent the following class:

> **Do-Not-Call Registry Class:** All persons in the United States where: (1) the person's telephone number was registered on the National Do-Not-Call Registry 30 days or more before receiving the call from SolidQuote; (2) the person's number was registered to an individual rather than a business; (3) the person received two or more calls were on behalf of SolidQuote within twelve months; and (4) those calls were for the purpose of soliciting SolidQuote's products and/or services, from four years prior to the filing of this Complaint through the date a class is certified.

43. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

44. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

45. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

46. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have

any interests which might cause them not to vigorously pursue this action.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

48. Class Members are so numerous and that their individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

49. Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

   a. Whether Defendant, or someone operating on its behalf, placed solicitation calls cell phones or landline phones of Plaintiff and the putative class members without obtaining the recipients' prior express written consent;

   b. Whether Defendant's conduct violates 47 U.S.C. § 227(c) and the corresponding rules and regulations implementing the TCPA; and; and

   c. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

50. Plaintiff and the putative class members have claims arising out of Defendant's uniform course of conduct, namely improperly placing prerecorded voice calls to the Plaintiff and the putative class members.

51. Plaintiff will fairly and adequately protect the interests of the class members insofar and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor

her counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

52. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

53. SolidQuote is headquartered in this District. This District is therefore an appropriate forum in which to adjudicate this dispute.

54. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## COUNT I
### DEFENDANT VIOLATED 47 US.C. § 227(c)(5) AND 47 C.F.R. § 64.1200(c)

55. Klassen incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

56. Klassen brings this Count individually and on behalf of all others similarly situated.

57. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry at least 30 days prior to receiving more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

58. The penalty for each call made in violation of the TCPA's restrictions on placing telemarketing calls to numbers registered on the National Do Not Call Registry is $500 per violation and up to $1,500 per violation if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

59. In addition, the TCPA allows the Court to enjoin SolidQuote LLC's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

60. By calling Klassen and the putative class members after their numbers were registered on the National Do Not Call Registry, SolidQuote violated the TCPA, including but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

61. SolidQuote knew or should have known that Klassen and the putative class members had their numbers registered on the Do Not Call Registry.

62. Klassen and the putative class members are entitled to damages of $500.00 per violation for each call placed by SolidQuote, and up to $1,500.00 per violation if the Court finds SolidQuote willfully violated the TCPA.

**Prayer for Judgment**

WHEREFORE, Plaintiff Ronda Klassen, individually, and or behalf of all other

similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant SolidQuote pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Klassen as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C and Kazerouni Law Group, APC as class counsel;

c. Enter judgment in favor of Ms. Klassen and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(c) and up to $1,500 per violation of each subsection if SolidQuote willfully violated the TCPA;

d. Enter a judgment in favor of Klassen and the putative class that enjoins SolidQuote from violating the TCPA's regulations prohibiting SolidQuote from calling/texting numbers registered on the National Do Not Call Registry;

e. Award Klassen and the class all expenses of this action, and requiring SolidQuote to pay the costs and expenses of class notice and administration; and,

f. Award Klassen and the class such further and other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RONDA KLASSEN, demands a jury trial in this case.

Respectfully submitted,

Dated: February 3, 2023            By: /s/ Ryan L. McBride
                                    Ryan L. McBride, Esq. (*Admitted in CO Federal Court only*)
                                    ryan@kazlg.com
                                    David J. McGlothlin (*Admitted in CO Federal Court only*)
                                    david@kazlg.com
                                    Kazerouni Law Group, A.P.C.
                                    301 East Bethany Home Road
                                    Suite C-195
                                    Phoenix, AZ 85012
                                    Phone: (800) 400-6808
                                    Facsimile: (800) 520-5523

Dated: February 3, 2023

By: /s/ Jacob U. Ginsburg
Jacob U. Ginsburg, Esq. (*pro hac vice* anticipated)
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (215) 540-8888 x 104
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com