IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-00318-GPG-NRN

RONDA KLASSEN, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

SOLIDQUOTE LLC and DIGITAL MEDIA SOLUTIONS, LLC f/k/a UNDERGROUND ELEPHANT,

    Defendants.

---

**DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**

---

Defendants SolidQuote LLC ("SolidQuote") and Digital Media Solutions, LLC f/k/a Underground Elephant ("DMS"), by and through their undersigned counsel, hereby move this Court to bifurcate discovery pertaining to Plaintiff from class-wide discovery pursuant to Federal Rule of Civil Procedure 42(b) and the Court's inherent power to control its docket in the interests of justice. In support of their Motion, Defendants state as follows:

## PRELIMINARY STATEMENT

Plaintiff seeks to hold Defendants liable under the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq*. ("TCPA") for telemarketing calls allegedly made by DMS. Despite the unique factual questions and legal issues pertaining to Plaintiff's individual claims, she also seeks to represent a class of similarly situated individuals. Before Plaintiff can properly represent a class, she must establish that she has a valid claim and that she is a member of the proposed classes. The record already suggests that she cannot meet those requirements; thus, it would be a waste of the parties' and Court's resources to impose the burden of widespread, class-wide discovery at this stage. For example, informal, initial discovery has raised material questions about whether the call that serves as the factual predicate for Plaintiff's vicarious liability allegations in this case—and the only call which either Defendant's records show as associated with the telephone numbers identified in the Amended Complaint—was an inbound call initiated by Plaintiff that was subsequently transferred to SolidQuote as part of an inbound (consumer-initiated calls only) campaign. If established, that single call could not serve as a valid basis upon which to assert TCPA claims against Defendants, both because the TCPA does not support claims for calls initiated by consumers and because the subsection of the statute upon which Plaintiff sues, 47 U.S.C. § 227(c), requires the receipt of two or more calls. Moreover, SolidQuote further notes that any call purportedly initiated to Plaintiff and subsequently transferred to SolidQuote would have

1

exceeded the parameters of the campaign for which it sought to purchase leads, undercutting any vicarious liability argument, and further buttressing the need to bifurcate individual merits discovery from class discovery.

Finally, informal discovery has already developed unique questions concerning Plaintiff's individual consent to receive the calls alleged to be at issue, which would be dispositive of her individual claims. Thus, Defendants respectfully request that the Court exercise its powers under Rule 42 and its inherent power to control its docket, to bifurcate discovery in this case and limit the initial phase of the case to Plaintiff's individual claims. Specifically, Defendants request an Order limiting phase one of discovery to questions of (1) whether Plaintiff received two or more outbound calls from or on behalf of defendants SolidQuote and/or DMS; and (2) if so, whether Plaintiff provided valid prior express written consent for such calls.

## LEGAL ARGUMENT

### A. Legal Standard to Bifurcate Discovery

Federal Rule of Civil Procedure 42(b) provides that "[f]or the convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." "As to the bifurcation of liability and class discovery, the court considers (1) overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery." *Pavelka v. Paul Moss Ins. Agency*, LLC, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023) (quoting *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (granting bifurcation as "limited discovery has the potential to simplify the case and to save both parties the time and

expense of class discovery, which can be particularly resource intensive")). When faced with similar circumstances, courts can, and do, bifurcate discovery into two distinct phases—limiting the initial stage to the merits of the plaintiff's individual TCPA claims before turning to class-wide discovery if Plaintiff's claims survive. *Id.* at *3; *see also Tyner v. Hi. Q, Inc. d/b/a Health IQ,* 5:21-cv-00608-F, ECF No. 23 (W.D. Okla. Jan. 7, 2022). When a narrow, potentially dispositive issue exists, courts can and should bifurcate discovery to conserve the parties' and judicial resources and to promote efficiency.

### B. Discovery Should be Bifurcated Due to Individualized Issues

The factual circumstances surrounding Plaintiff's claims are so unique that "submerging the parties in an ocean of class discovery" without first determining the merits of her individual claims would waste the parties' and judicial resources. *Deleon v. Time Warner Cable LLC*, 2009 WL 10674767, at *1 (C.D. Cal. Nov. 2, 2009) (bifurcating discovery on the merits of the plaintiff's individual claims before permitting class discovery). Moreover, the issues that are unique to Plaintiff are potentially dispositive and therefore can be addressed in a timely and cost-effective manner before allowing class-wide discovery to move forward.[1]

First, discovery pertaining to Plaintiff does not overlap with class-wide discovery because of the distinctive and open factual questions pertaining to Plaintiff's allegations. SolidQuote did not place any telemarketing calls to Plaintiff and her Amended Complaint does not allege otherwise. (Dkt. No. 8.) Defendants expect the full record to show material facts that undermine Plaintiff's claims, including: (1) only a single call involving Plaintiff, on April 13, 2020, resolved with a transfer to SolidQuote; (2) the April 13 transfer was effectuated as part of a contractual

---

[1] SolidQuote also notes that its Motion to Strike the class allegations under Rule 12(f) is pending before the Court (Dkt. No. 26); therefore, permitting class-wide discovery to proceed before the Court rules on that issue would be, at best, premature.

campaign involving only inbound, consumer-initiated calls; (3) Defendants expect the record to show proof of consent provided by Plaintiff prior to the date of the alleged calls; (4) all calls which could be transferred to SolidQuote as part of the campaign facilitated by DMS were required to be compliant with relevant law, including the TCPA; and (5) SolidQuote did not and would not accept as valid a call transfer as part of that campaign that originated as an outbound call and thus, to the extent that Plaintiff received calls from an entity that transferred her call to SolidQuote, such call would not have been one authorized by SolidQuote.

If, as Defendants' records indicate, the single call that was transferred to SolidQuote was the result of a call which Plaintiff herself initiated, that call cannot serve as a valid predicate for Plaintiff's claims under the TCPA. *See Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, 2014 WL 413534, at *2 (D.N.J. Feb. 4, 2014). In *Physicians Healthsource, Inc.*, the court ordered a bifurcation of discovery because the issues pertaining to the plaintiff were "totally distinct" from the class issues. *Id.* at *4. Ultimately, the court found that there was no significant overlap between Plaintiff-specific discovery and class discovery and thus "no real danger of a duplication of efforts or corresponding increase in litigation costs. *Id.* Similarly here, because it is unclear whether Plaintiff is a member of her proposed class, there is no risk of overlap between individual discovery and class discovery.

Second, while class certification should be addressed at an "early practicable time," initial class discovery would be premature where there are material questions as to Plaintiff's allegations. An objective inquiry into the parties' records to establish whether Plaintiff received calls from or on behalf of either DMS or SolidQuote that violated the TCPA, or whether she initiated such a call, would streamline the litigation and focus discovery on a key, dispositive issue. *See Akselrod v. MarketPro Homebuyers, LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (limiting

4

discovery to an objective analysis of a key, potentially dispositive issue). "Class actions involve the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims," thus targeting discovery to the unique factual issues pertaining to Plaintiff conserve resources and prevents premature class discovery and certification. *Id.*

Third, even before addressing the questions of vicarious liability, if the record shows that Plaintiff received outbound telemarketing calls subsequent to providing express written consent to be contacted on the subject telephone number, that is also dispositive of her individual claims and serves to demonstrate a separate basis as to the impropriety of starting with broad and burdensome class discovery is both inefficient and improper in this case. The issue of consent is dispositive of the litigation, and to permit resource-intensive class discovery to proceed before determining whether Plaintiff's claims will survive is premature. Courts have granted bifurcation on the issue of consent in TCPA cases because of the dispositive nature of that inquiry. *See, e.g., Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at * 2 (N.D. Ga. Apr. 6, 2020) (granting bifurcation and "targeted discovery" limited to the issue of consent because consent is a complete defense to a TCPA claim); *McHugh v. HealthPlanOne LLC*, 3:22-cv-01080-SRU, ECF No. 29, at 2 (D. Conn. Jan. 26, 2023) (granting bifurcation and limiting phase one to the determining whether a prerecorded voice message call was received and consent because "whether [the plaintiff] consented to receiving such calls is paramount because it determines if he is a member of the class he seeks to represent."). Permitting class-wide discovery on consent at this stage would be inconsistent with the judiciary's goals of efficiency and conservation of resources.

### C. Plaintiff Will Not Suffer Any Prejudice If Bifurcation is Granted

Permitting discovery targeted at Plaintiff's individual claims will not prejudice Plaintiff because there is no risk that class-wide discovery, should Plaintiff's claims survive, will be lost,

5

destroyed, or otherwise unavailable. *See Newell*, 2020 WL 13568762, at *3. To the contrary, if Plaintiff has no individual claim, she and her counsel will benefit by not expending time and resources on needless class discovery. Additionally, it has been established that "the Parties have taken appropriate steps to ensure that relevant and responsive documents and data are preserved by their clients and relevant third parties that might be in possession of such information." (*see* Dkt. No. 30 (Scheduling Order) at ¶ 6(g)). And finally, any potential delay for individual discovery will not prejudice Plaintiff should her claims survive and class-wide discovery opens. *See Physicians Healthsource, Inc.*, 2014 WL 413534, at *5.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court bifurcate discovery and limit the first phase of discovery to the questions of (1) whether Plaintiff received two or more outbound calls from or on behalf of defendants SolidQuote and/or DMS; and (2) if so, whether Plaintiff provided valid prior express written consent for such calls.

Dated: July 7, 2023

**FOX ROTHSCHILD LLP**
*/s/ Paul A. Rosenthal*
Paul A. Rosenthal
49 Market Street
Morristown, NJ 07960-5122
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
Email: PRosenthal@foxrothschild.com

John C. Hawk IV
1225 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 292-1200
Facsimile: (303) 292-1300
Email: JHawk@foxrothschild.com
*Attorneys for Defendant SolidQuote, LLC*

-and-

6

>Robert H. Scott
>**AKERMAN LLP**
>170 South Main Street, Suite 725
>Salt Lake City, Utah 84101-1648
>Telephone: 801.907.6900
>Facsimile: 801.355.0294
>robert.scott@akerman.com
>
>Neil E. Asnen (*pro hac vice* forthcoming)
>**Klein Moynihan Turco LLP**
>450 Seventh Avenue – 40th Floor
>New York, NY 10123
>nasnen@kleinmoynihan.com
>
>*Attorneys for Digital Media Solutions, LLC*

## MEET AND CONFER CERTIFICATION

Consistent with the Court's Practices and Procedures, counsel for movant hereby certifies that counsel for the parties had a good faith meet and confer discussion regarding the relief requested here as part of the Rule 26 meet and confer and joint Scheduling Order drafting process. Plaintiff's counsel opposes the requested relief.

Date: July 7, 2023   /s/ *Paul A. Rosenthal*
Paul A. Rosenthal

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th day of July, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Jacob U. Ginsburg
Kimmel & Silverman P.C.
30 East Butler Avenue
Ambler, PA 19002
Telephone: (267) 468-5374
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com
*Attorneys for Plaintiff*

Ryan Lee McBride
Kazerouni Law Group A.P.C.
301 East Bethany Home Road, Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: ryan@kazlg.com
*Attorneys for Plaintiff*

                                      */s/ Ashley Carroll*
                                      Ashley Carroll